UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * *
                               *
JOSEPH A. MESSERE,             *
                               *
              Plaintiff,       *
                               *
     v.                        *        CIVIL ACTION
                               *        NO.
LUIS S. SPENCER, individually  *
and in his official capacity   *
as Massachusetts Commissioner  *
of Correction,                 *
                               *        COMPLAINT
GARY RODEN, individually and   *
in his official capacity as    *
Superintendant of the MCI-     *
Norfolk,                       *
                               *
              Defendants.      *
                               *
* * * * * * * * * * * * * * * *
```

**11 CA 11705**

## I. INTRODUCTION

1. This is a civil action for damages and declaratory
relief, against the former Superintendent of MCI-Norfolk and
present Massachusetts Commissioner of Correction, and present
Superintendent of MCI-Norfolk, who have violated plaintiff's
state and federal constitutional rights with reckless and
callous indifference, by denying plaintiff needed medical
treatment for plaintiff's serious degenerative spine disease
(Spondylolisthesis and Spondylolysis), and, punished this
plaintiff with reckless and callous indifference when this

plaintiff acted under duress and necessity to prevent imminent bodily injury, on July 24, 2008. That from 2004 through 2008, despite plaintiff's x-rays and MRI clearly showing the serious condition of plaintiff's lumbar spine, the defendants refused to order their contracted medical provider to treat plaintiff's condition, which has made this plaintiff's condition worst. On September 21, 2007, plaintiff filed a motion with Judge Patti B. Saris, for plaintiff to be brought to court alone, so his waistchain wouldn't be hooked to other prisoners, for a hearing on October 29, 2007. On October 26, 2007, a Department of Correction ("DOC") lawyer attempted to have plaintiff's motion denied, by using false information and affidavits. On October 1, 2007, Judge Saris issued and order, and plaintiff was brought to court alone. On July 24, 2008, plaintiff was issued Disciplinary Report No. 138705, for refusing to have his waistchain hooked to another prisoner (had plaintiff allowed the said hook-up to another prisoner, plaintiff would've been in severe agony from the tugging, pulling, and jerking, requiring plaintiff to be unhooked), and going on a court trip. Plaintiff was continually brought to court alone, or not hooked to other prisoners after he was disciplined. On June 15, 2009, this plaintiff received a medical restriction that plaintiff's waistchain not be hooked to others, which has been renewed every year up to 2012, and plaintiff has not been hooked to

others for hospital trips. In 2008, the Parole Board
denied plaintiff a parole, in part, due to D-Report No.
138705. Plaintiff has tried in vain to get the defendants
to dismiss D-Report No. 138705 from 2008 to 2011, to no
avail.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §
1983 and 1988, 42 U.S.C. § 12101, et seq., 42 U.S.C. § 12131-
12134, 42 U.S.C. § 12202, 12203(b), 29 U.S.C. § 701, 706(7)
(B), 794, the Eighth and Fourteenth Amendments to the United
States Constitution, as well as, the Privileges and Immunities
Clauses of the United States Constitution. Jurisdiction is
founded upon 28 U.S.C. § 1331 and 1343(a)(1)(2)(4), 28 U.S.C.
§ 2201 and 2202, 28 U.S.C. § 2254, and the Continual Violation
Doctrine. Plaintiff further invokes the pendent jurisdiction
of this court to hear and decide claims arising under the
statutory and constitutional laws of the Commonwealth of
Massachusetts.

## III. PARTIES

3. Plaintiff, Joseph A. Messere, is and was at all
times relevant to this Complaint, a prisoner of the
Massachusetts Department of Correction, confined to the MCI-
Norfolk, 2 Clark Street, P.O. Box 43, Norfolk, Massachusetts,
02056.

4. Defendant, Luis S. Spencer, is and was at all times relevant to this Complaint, former Superintendant of the MCI-Norfolk, and Massachusetts Commissioner of Correction. His business address is, 50 Maple Street, Suite 3, Milford, Massachusetts, 01757-3698.

5. Defendant, Gary Roden, is and was at all times relevant to this Complaint, Superintendant of the MCI-Norfolk. His business address is, 2 Clark Street, P.O. Box 43, Norfolk, Massachusetts, 02056.

6. Defendants are being sued in their individual and official capacities for purposes of plaintiff's claims arising under Federal law. Defendants are sued in their individual capacity for purposes of plaintiff's pendent state law claims.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff realleges and incorporates herein by reference all the allegations contained in ¶ 1 through 6 above.

8. That, under the Continual Violation Doctrine the defendants knowingly, willfully, and maliciously with reckless and callous indifference refused to, recognize plaintiff's serious degenerative spine disease, from 2004 to 2011.

9. That, the defendants have knowingly, willfully, and maliciously with reckless and callous indifference punished plaintiff in September 2008, when plaintiff acted under duress and necessity to prevent imminent bodily pain and injury, by refusing to allow his waistchain restraint to be hooked to another prisoner, for an unnecessary court trip on July 24, 2008.

10. That, the defendants knowingly, willfully, and maliciously with reckless and callous indifference refused to grant plaintiff's disciplinary appeal for disciplinary report ("D-Report") no. 138705, after seeing documentary evidence of plaintiff's serious spine condition. See Exhibits "1" through "34" attached hereto.

11. That, despite defendant Spencer reading plaintiff's September 30, 2007 letter to deputy Sumner (see Exhibit "35" attached hereto), Spencer continues to refuse to dismiss D-Report No. 138705 with reckless and callous indifference.

12. That, despite defendant Roden reading the Reporting Officer's ("R/O") testimony, that the R/O didn't give this plaintiff a direct order, and Disciplinary Hearing Officer ("DHO") not disputing plaintiff has serious medical issues (see Exhibit "10" attached hereto), Roden continues to refuse to dismiss D-Report No. 138705 with reckless and callous indifference.

13. That, even, if, the R/O gave plaintiff a direct order to go on the court trip, the defendants have knowingly, willfully, and maliciously with reckless and callous indifference disregarded plaintiff's spine condition, and would've hooked plaintiff's waistchain to another prisoner, seriously injuring plaintiff and subjecting plaintiff to additional pain and suffering.

14. That, defendant Roden refuses to dismiss D-Report No. 138705 with reckless and callous indifference, despite the Wrentham District Court not requiring plaintiff's appearance (see Exhibits "6" and "13", and Affidavit of David A. Williams attached hereto).

15. That, the defendants refuse with reckless and callous indifference to dismiss D-Report No. 138705, despite plaintiff being transported to and from court and hospital without his waistchain being hooked to another prisoner(s).

16. That, defendants refuse with reckless and callous indifference to dimiss D-Report No. 138705, despite them knowing that a proper acting doctor issued a medical restriction on June 15, 2009, that plaintiff's waistchain not be hooked to other people (see Exhibits "36" through "38" attached hereto).

17. That, it took from July 24, 2008 to June 15, 2009 for plaintiff to obtain a medical restriction of no waistchain hooked to others, due to the former Health Services Administrator, Donna Jurdak, to cease interferring with plaintiff's medical issues (see Exhibits "4" "5" "6" "8" "15" "35" attached hereto).

18. That, in October 2008, plaintiff was denied a parole, in part, due to D-Report No. 138705.

19. That, defendants knew or should have known that their actions of punishing plaintiff, with reckless and callous indifference under color of state law, for plaintiff protecting himself from serious pain and injury, constitutes violations of the Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 12102(2), 42 U.S.C. § 12131-12134, 42 U.S.C. § 12202, 12203(b), 29 U.S.C. § 701, 706(7)(B), Article XXVI of the Massachusetts Constitution, and M.G.L. c. 12 § 11(H-I).

Wherefore, plaintiff, Joseph A. Messere, requests that this Honorable Court:

a. enter a declaratory judgment, adjudging the afforesaid acts and omissions of the defendants to be violations of plaintiff's state and federal statutory and constitutional rights;

b. enter a declaratory judgment, adjudging that the plaintiff rightfully acted under duress and necessity, to protect himself from being subjected to serious pain and injury, where no force or violence was used towards prison staff;

c. enter a declaratory judgment, adjudging the afforesaid acts and omissions of the defendants, to be knowing, willful, and malicious with reckless and callous indifference under color of state law:

d. enter a declaratory judgment, adjudging the affore said acts and omissions of the defendants, fall under the Continual Violation Doctrine;

e. enter a declaratory judgment, adjudging the aforesaid acts and omissions of the defendants, require D-Report No. 138705 to be dismissed;

f. award compensatory damages to plaintiff in the amount of $250,000.00;

g. award punitive damages to plaintiff in the amount of $250,000.00;

h. award the costs of this action, including reasonable attorney fees;

i. award plaintiff's personal costs;

j. such other and further relief as this Honorable Court deems just, proper, and equitable.

Respectfully, submitted,

Joseph A. Messere, pro se
MCI-Norfolk
2 Clark Street, P.O. Box 43
Norfolk, Massachusetts, 02056

## VERIFICATION OF COMPLAINT

I, hereby state and affirm that I am the plaintiff in the above-entitled Complaint, that I have read the Complaint and know the contents thereof, and that the facts contained therein are true to the best of my knowledge, information and belief.

Signed under the pains and penalties of perjury this 22nd day of September 2011.

Joseph A. Messere