UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH A. MESSERE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-11705-MLW |
| | ) | |
| LUIS S. SPENCER, individually | ) | |
| and in his official capacity | ) | |
| as Massachusetts Commissioner | ) | |
| of Correction, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GARY RODEN, individually and | ) | |
| in his official capacity as | ) | |
| Superintendent of the | ) | |
| MCI-Norfolk, | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    March 29, 2013

This is one of two cases brought by pro se plaintiff Joseph A. Messere, who is incarcerated.  Messere filed the complaint in this case ("Spencer") on September 26, 2011, seeking injunctive and monetary relief, against defendants Luis Spencer and Gary Roden in their individual and official capacities, pursuant to 42 U.S.C. §1983, for "denying plaintiff needed medical treatment," and for failing to dismiss a prison disciplinary report that was issued to him.  See Complaint ¶1.  On December 2, 2011, Messere filed a complaint in another case, Messere v. Clarke, C.A. No. 11-12166-MLW ("Clarke"), naming the same two defendants, and two additional defendants.  On April 17, 2012, the defendants in Clarke filed a Motion to Dismiss or in the Alternative for Summary Judgment.  On

July 17, 2012, the defendants in <u>Spencer</u> filed a Motion to Dismiss. Messere has not yet opposed these motions, but has filed multiple motions for extensions of time to file an opposition.  Messere has also moved to consolidate the two cases.

For the reasons discussed below, the court is: (1) allowing Messere's Motion to Consolidate and ordering that the <u>Spencer</u> case be consolidated with <u>Clarke</u>; (2) allowing the defendants' Motion to Dismiss in <u>Spencer</u> with respect to claims regarding the prison disciplinary report; and (3) allowing Messere's Motion for an Extension of Time to File an Opposition.  All other outstanding motions in <u>Spencer</u> are either moot or are being denied without prejudice to refiling in <u>Clarke</u> if there is a proper, non-frivolous basis for doing so.

I. BACKGROUND

Messere alleges that the defendants refused to provide medical care for his degenerative spine disease, spondylolisthesis and spondylolysis, and that on July 24, 2008, they issued him Disciplinary Report No. 138705 (the "Disciplinary Report") when he refused to be brought to court chained to another prisoner due to his spine disease.  Complaint ¶1.  Messere claims that the defendants unlawfully refused to dismiss the Disciplinary Report, which he appealed.  <u>Id.</u>  His appeal of the Disciplinary Report was denied by defendant Spencer on September 29, 2008.  <u>Id.</u>; <u>see</u> <u>id.</u> Exs. 17-18.  Messere alleges that he eventually was issued a

2

medical restriction on June 15, 2009, stating that he should not be chained to other inmates due to his spine disease, but that the defendants still did not dismiss the Disciplinary Report. <u>Id.</u> Exs. 36-38.  Messere also claims that he was denied parole in part due to the Disciplinary Report.  <u>Id.</u> ¶18.  Messere seeks a declaratory judgment stating, in essence, that the defendants have acted unlawfully and that the Disciplinary Report should be dismissed. <u>See</u> <u>id.</u> at 7-8.  He also seeks compensatory damages in the amount of $250,000, punitive damages in the amount of $250,000, costs, and attorney's fees.  <u>See</u> <u>id.</u> at 8.

II. DISCUSSION

    A. <u>Motion to Consolidate</u>

On March 12, 2013, Messere filed Motions to Consolidate in both <u>Spencer</u> and <u>Clarke</u>.  <u>See</u> Motion to Consolidate (<u>Spencer</u> Docket No. 28; <u>Clarke</u> Docket No 30).  On March 15, 2013, the defendants in the two cases, who are represented by different Department of Corrections ("DOC") counsel, filed what is essentially the same Opposition to Consolidation.  <u>See</u> Opposition to Consolidation (<u>Spencer</u> Docket No. 29; <u>Clarke</u> Docket No. 32).  The defendants assert that consolidation is not appropriate because: (1) the two cases do not involve common questions of law or fact; (2) there are two defendants named in <u>Clarke</u> who are not named in <u>Spencer</u>; and (3) the defendants are represented by different DOC lawyers in the two cases.  Consolidating the two cases, the defendants assert,

would "just lead to more work for court personnel." <u>Id.</u> at ¶6.  On March 26, 2013, Messere filed a reply, arguing that consolidation is appropriate because the main issues in the two cases are the "deliberate indifference of Clarke and his successor Spencer" and the disciplinary action taken against him.  <u>See</u> Pl.'s Reply to Opp. to Consolidation (<u>Spencer</u> Docket No. 30; <u>Clarke</u> Docket No. 33).

> Federal Rule of Civil Procedure 42(a) provides:
>
> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  In deciding whether to consolidate, "[t]he threshold issue is whether the two proceedings involve a common party <u>and</u> common issues of fact or law.  Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate."  <u>Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.</u>, 878 F.2d 5, 8 (1st Cir. 1989) (internal citations omitted).  When weighing the costs and benefits of consolidation, it is appropriate to consider "the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation."  <u>Cruickshank v. Clean Seas Co.</u>, 402 F. Supp.

4

2d 328, 341 (D. Mass. 2005) (internal quotation marks omitted); see Data Gen. Corp. v. Grumman Sys. Support Corp., 834 F. Supp. 477, 487 (D. Mass. 1992).

Here, the court finds that consolidation is appropriate. First, there are three common parties -- Messere, Spencer, and Roden. See Seguro, 878 F.2d at 8. Second, the defendants' alleged deliberate indifference to Messere's spine disease is a common issue of fact or law. See id. The court furthermore finds that judicial economy will be best served by consolidation, and that the DOC will not be prejudiced as the evidence and arguments in the two cases are largely the same. See Cruickshank, 402 F. Supp. at 487.

The court usually would consolidate the later-filed case, Clarke, with the earlier-filed case, Spencer. Cf. Local Rule 40.1(J). In this instance, however, the court finds that because Messere has asserted more claims in Clarke, and because the briefing is more substantial in Clarke, it is appropriate to make Clarke the lead case. Accordingly, the court is consolidating the two cases for all purposes under the lead caption of Messere v. Clarke, C.A. No. 11-12166-MLW, and is ordering that all future pleadings and submissions in both cases be filed under the lead case number 11-12166-MLW.

The outstanding motions in Spencer are either moot due to consolidation or are being denied without prejudice to re-filing in Clarke. See, e.g., Tyree v. Weld, Nos. 93-cv-12260-NG, 93-cv-

12725-NG, 2010 WL 145882, at *4 (D. Mass. Jan. 11, 2010). The court notes that Messere's filings have not always been relevant to his claims. Before filing any motion in <u>Clarke</u>, Messere shall ensure that the motion complies with Federal Rule of Civil Procedure 11(b), which requires that documents submitted to the court, either by an attorney or by an unrepresented party, are "not being presented for any improper purpose," are "warranted by existing law or by a nonfrivolous argument for extending [the law,]" and that factual contentions or denials have evidentiary support or some reasonable basis supporting them. <u>See</u> Fed. R. Civ. P. 11(b).

   B. <u>Motion to Dismiss</u>

   The defendants in <u>Spencer</u> filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the complaint fails to state a claim upon which relief can be granted. <u>See</u> Motion to Dismiss (Docket No. 16). The defendants argue that: (1) this federal court is without jurisdiction to hear claims regarding a prison disciplinary report; (2) in any event, Messere's claims regarding the Disciplinary Report are barred by the statute of limitations applicable to such claims; (3) Messere's medical claims are identical to those asserted in <u>Clarke</u>; and (4) Messere's medical claims are barred by the statute of limitations applicable to such claims. <u>See</u> Memo. in Supp. of Mot. to Dismiss at 3-7. As stated earlier, Messere has not yet opposed the Motion to Dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will be denied if a plaintiff has shown "a plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 559 (2007); see Morales-Tanon v. Puerto Rico Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008). In considering a motion to dismiss under Rule 12(b)(6), the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriquez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007). When a plaintiff is proceeding pro se, the pleadings are to be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Where a pro se plaintiff presents sufficient facts, "the court may intuit the correct cause of action," even if the claim was imperfectly pleaded. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Because §1983 does not include its own statute of limitations, the court must apply the limitations period of the forum state, so long as it is not inconsistent with federal law or policy to do so. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); see Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 38 (1st Cir. 2006). Under Massachusetts law, an inmate disciplinary appeal challenging a determination by prison officials in an official disciplinary proceeding is construed as an action for certiorari under Massachusetts General Laws chapter 249, §4. See Grady v.

7

<u>Commissioner of Correction</u>, 83 Mass. App Ct. 126, 131, 136-37
(2013); <u>see</u> <u>also</u> <u>Howell v. O'Malley</u>, No. 09-11407-DJC, 2011 WL
3563159, at *6 (D. Mass. Aug. 12, 2011).   Chapter 249, §4 states
that a certiorari action "may be brought in the supreme judicial or
superior court," or in certain circumstances in the land court or
district court.   "Such action shall be commenced within sixty days
next after the proceeding complained of."  Mass. Gen. Laws c. 249,
§4.   The sixty-day statute of limitations begins to run when the
"last administrative action is taken by an agency."  <u>Committee for</u>
<u>Public Counsel Servs. v. Lookner</u>, 47 Mass. App. Ct. 833, 835 (1999)
(citing <u>Pidge v. Superintendent, Mass. Correctional Inst.</u>, 32 Mass.
App. Ct. 14, 17-18 (1992)).

Assuming, without deciding, that this federal court has
jurisdiction to hear Messere's disciplinary appeal under §1983, the
court finds that Messere's claims regarding the Disciplinary Report
are not plausible because they are time barred.  <u>See</u> <u>Twombly</u>, 550
U.S. at 559; <u>Howell</u>, 2011 WL 3563159, at *6.   The court must apply
the sixty-day Massachusetts limitations period for certiorari
actions.  <u>Wilson</u>, 471 U.S. at 266-67.   The last administrative
action taken on Messere's appeal occurred when defendant <u>Spencer</u>
denied the appeal on September 29, 2008.   Messere had sixty days
from that date, or until November 28, 2008, to bring a state
certiorari action.  <u>See</u> <u>Lookner</u>, 47 Mass. App. Ct. at 835-36.   He
did not bring this §1983 action until September 26, 2011.

Therefore, the Disciplinary Report claims are time barred and are being dismissed.

Construing Messere's other claims liberally, they appear to allege that defendants violated his Eighth Amendment rights by being deliberately indifferent to his spine disease. Complaint ¶¶ 1 ("callous indifference"), 2 (Eighth Amendment); <u>see</u> <u>Erickson</u>, 551 U.S. at 94 (liberal construction of <u>pro</u> <u>se</u> plaintiff pleadings); <u>Ahmed</u>, 118 F.3d at 890 (court may intuit correct cause of action for <u>pro</u> <u>se</u> plaintiff). The court finds that Messere should be given an opportunity to oppose the Motion to Dismiss these claims. Therefore, with respect to Messere's claims that are unrelated to the Disciplinary Report, the Motion to Dismiss is being denied without prejudice. Defendants may either rely on the Motion to Dismiss or in the Alternative for Summary Judgment in <u>Clarke</u> (Docket No. 21) or file a revised motion by May 1, 2013.

C. <u>Motions for Extension of Time</u>

Messere has filed several motions for an extension of time to file an opposition to the Motion to Dismiss or in the Alternative for Summary Judgment in <u>Clarke</u>. The court is allowing Messere an extension until May 31, 2013 to file an opposition to the motion, or any revised version of it defendants file by May 1, 2013. The court will not, however, grant any further extensions to Messere, whose opposition is long overdue under Local Rules 7.1(b)(2) and 56.1. If Messere believes that the motion should be addressed as

a request for summary judmgent, and that he cannot yet present facts essential to justify his opposition, he should "act diligently and proffer . . . an affidavit or other authoritative submission that (i) explains [his] current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion." Jones v. Secord, 684 F.3d 1, 6 (1st Cir. 2012) (internal quotation marks omitted); see Fed. R. Civ. P. 56(d).

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The plaintiff's Motion to Consolidate (Docket No. 28) is ALLOWED.   Messere v. Spencer, C.A. No. 11-11705-MLW, is consolidated for all purposes under the lead caption of Messere v. Clarke, C.A. No. 11-12166-MLW.   All future pleadings and submissions in both cases shall be filed under the lead case number 11-12166-MLW.

2. The defendants' Motion to Dismiss (Docket No. 16) is ALLOWED with respect to all claims regarding Disciplinary Report No. 138705, and those claims are DISMISSED.  With respect to all other claims, the Motion to Dismiss (Docket No. 16) is DENIED without prejudice.  Defendants may either rely on the Motion to Dismiss or in the Alternative for Summary Judgment in Clarke

(<u>Clarke</u> Docket No. 21) or file a revised motion by May 1, 2013.

3. The plaintiff's Motion for an Extension of Time (Docket No. 27) is ALLOWED.  By May 31, 2013, the plaintiff shall file his opposition to the pending Motion to Dismiss or in the Alternative for Summary Judgment in <u>Clarke</u> (Docket No. 21), or any revised version of it that is filed by May 1, 2013, in the manner required by Local Rule 56.1.  No further extensions will be granted.  Any failure to file a timely opposition may result in the dismissal of the two consolidated cases.  No further extensions will be allowed.

4. By June 15, 2013, the defendants shall file any reply to the plaintiff's opposition.

5. The plaintiff's Motion for an Extension of Time (Docket No. 25) is MOOT.

6. The plaintiff's Motion for an Extension of Time (Docket No. 23) is MOOT.

7. The plaintiff's Motion for Order to Order Defendants to Obtain Private Counsel (Docket No. 21) is DENIED without prejudice. <u>See</u> <u>In re Grand Jury Proceedings</u>, 859 F.2d 1021, 1026 (1st Cir. 1988).

8. The defendants' Motion for a Protective Order to Stay Discovery (Docket No. 22) is ALLOWED.  If defendants do not prevail on their Motion to Dismiss or for Summary Judgment, the court will establish a schedule for discovery.

        /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE