UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. MESSERE,<br>    Plaintiff,<br><br>        v.<br><br>HAROLD W. CLARKE, individually<br>and in his official capacity<br>as the former Massachusetts<br>Commissioner of Correction,<br><br>LUIS S. SPENCER, individually<br>and in his official capacity<br>as Massachusetts Commissioner<br>of Correction,<br><br>GARY RODEN, individually and<br>in his official capacity as<br>Superintendent of the<br>MCI-Norfolk,<br><br>    and<br><br>CYNTHIA M. SUMNER,<br>individually and<br>in her official capacity as<br>the Deputy<br>Superintendent of the<br>MCI-Norfolk,<br>    Defendants. | C.A. No. 11-12166-MLW<br>    LEAD DOCKET NO. |
| JOSEPH A. MESSERE,<br>    Plaintiff,<br><br>        v.<br><br>LUIS S. SPENCER, individually<br>and in his official capacity<br>as Massachusetts Commissioner<br>of Correction,<br><br>    and<br><br>GARY RODEN, individually and<br>in his official capacity as<br>Superintendent of the<br>MCI-Norfolk,<br>    Defendants. | C.A. No. 11-11705-MLW<br>CONSOLIDATED ACTION |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                          June 27, 2013

I. BACKGROUND

These two cases, filed by incarcerated <u>pro</u> <u>se</u> plaintiff Joseph A. Messere against multiple prison officials, were consolidated for all purposes in a March 29, 2013 Memorandum and Order (the "Order") under the lead docket number 11-12166-MLW.  In both cases, Messere seeks injunctive and monetary relief against the defendants in their individual and official capacities for deliberate indifference to his degenerative spine disease, and for failing to dismiss a prison disciplinary report against him.  In the Order, the court also partially allowed the defendants' Motion to Dismiss in <u>Spencer</u> with respect to all claims in that case related to a prison disciplinary report issued to Messere, on the ground that the prison disciplinary report claims are time barred under the applicable statute of limitations.[1]  Messere has now filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). Messere also has filed an Ex Parte Motion for Deferment of Filing Fees and a Motion to Reassign Case.  For the reasons discussed below, all three motions are being denied.

---

[1] Although Messere also asserts disciplinary report claims in <u>Clarke</u>, the court has not yet decided any dispositive motion in <u>Clarke</u>.

II. DISCUSSION

A. Motion for Reconsideration

Messere moves for reconsideration under Federal Rule of Civil Procedure 59(e) of the portion of the Order allowing the defendants' motion to dismiss all claims in Spencer relating to a prison disciplinary report, referenced extensively in the complaint. In partially allowing the motion to dismiss, which Messere had not opposed, the court held that assuming there is subject matter jurisdiction in federal court to hear a state prison disciplinary report claim, the claims in Messere's case were time barred because they were filed well beyond the 60-day statute of limitations provided for by Massachusetts General Laws c. 249, §4. Messere's appeal from the disciplinary report was denied on September 29, 2008, and Messere did not file his federal action until September 26, 2011. Messere now argues that the court's ruling was erroneous because the applicable statute of limitations is 3 years, not 60 days. If a 3-year statute of limitations applies, Messere's claims would have been timely by 3 days.

A party may bring a motion for reconsideration of a final judgment pursuant to Federal Rule of Civil Procedure 59(e). See United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n.9 (1st Cir. 2004) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure §2910.1 (1998)); Tomon v. Entergy Nuclear Operations, Inc., No. 05-12539-MLW, 2011 WL

3812708, at *1 (D. Mass. Aug. 25, 2011). However, "[m]otions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)). "Instead, motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." Id. (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)).

Messere does not present newly discovered evidence and does not argue that there has been an intervening change in the law. Rather, he appears to argue that the Order was "based on a manifest error of law or was clearly unjust," in that the court applied the wrong statute of limitations to his disciplinary report claims. Messere relies on a footnote in the case of Shabazz v. Cole, in which a magistrate judge of this district wrote that "[t]he Massachusetts three year statute of limitations applies to a section 1983 claim as opposed to the 60 day limitations period in chapter 249." 69 F. Supp. 2d 177, 190 n.8 (D. Mass. 1999) (Bowler, M.J.).

4

As stated earlier, Messere did not oppose the motion to dismiss, and thus did not raise this argument while the motion was pending; that alone is a reason to deny the Motion for Reconsideration. See Allen, 573 F.3d at 53. More substantially, though, Messere misreads the footnote in Shabazz. Although it is true that the Massachusetts 3-year statute of limitations for personal injury actions applies to civil rights claims under 42 U.S.C. §1983, see Street v. Vose, 936 F.2d 38, 39 & n.2 (1st Cir. 1991), the same cannot be said for supplemental state law claims challenging prison disciplinary reports. See McGuinness v. DuBois, No. 93-12673-WGY, 1995 WL 169500, at *3 (D. Mass. March 15, 1995). Under Massachusetts law, such claims are construed as actions in the nature of certiorari under Mass. Gen. Laws c. 249, §4. Grady v. Comm'r of Correction, 83 Mass. App. Ct. 126, 131, 136-37 (2013); Comm. for Public Counsel Servs. v. Lookner, 47 Mass. App. Ct. 833, 835 (1999); Pidge v. Superintendent, Mass. Correctional Inst., 32 Mass. App. Ct. 14, 17-18 (1992). The statute of limitations for a c. 249, §4 certiorari action is 60 days. See Mass. Gen. Laws c. 249, §4 ("Such action shall be commenced within sixty days next after the proceeding complained of."). Messere's disciplinary report claims, in which he seeks dismissal of a disciplinary report that he claims was unlawfully issued to him, are properly construed as claims in the nature of certiorari under c. 249, §4. See Duffy v. Massachusetts Dep't of Corrections, 746 F. Supp. 232, 233 n.1

(D. Mass. 1990) ("[Plaintiff] seeks to 'reverse' the decision of the prison disciplinary board and expunge it from his prison record.  This is precisely the thrust of a Massachusetts action in the nature of certiorari . . . .").  Therefore, the statute of limitations applicable to Messere's disciplinary report claims is 60 days.   See Howell v. O'Malley, No. 09-11407-DJC, 2011 WL 3563159, at *6 (D. Mass. Aug. 12, 2011) ("[A]ssuming without deciding that the Court has jurisdiction over the certiorari action, the sixty day statute of limitations under ch. 249, §4 bars [plaintiff's] state claim challenging the disciplinary proceedings."); Martin v. Clavin, No. 08-11971-MBB, 2010 WL 3607079, at *8 (D. Mass. Sept. 9, 2010) (Bowler, M.J.); McGuinness, 1995 WL 169500, at *3; Bonds v. DuBois, No. 93-12132-WGY, 1994 WL 725205, at *4 (D. Mass. Dec. 19, 1994); cf. Bellum v. Vose, 848 F. Supp. 1065, 1067 (D. Mass. 1994).

Indeed, in Shabazz itself, the magistrate judge applied the 60-day statute of limitations to the defendant's disciplinary report claims.  See 69 F. Supp. 2d at 190-92.  Unlike the plaintiff in Shabazz, who was found to have filed his federal court action within 60 days of the last administrative action on his disciplinary report claim, Messere's federal action was filed almost 3 years after the last administrative action on his disciplinary report, which was defendant Spencer's denial of Messere's appeal on September 29, 2008.  See Lookner, 47 Mass. App.

Ct. at 835 (citing <u>Pidge</u>, 32 Mass. App. Ct. at 17-18) (sixty-day statute of limitations begins to run when the "last administrative action is taken by an agency"). Messere's state law claims are, therefore, untimely. Accordingly, the court finds that the Order dismissing Messere's disciplinary report claims was not based on a "manifest error of law" and was not "clearly unjust," and the Motion for Reconsideration is being denied. <u>See</u> <u>Allen</u>, 573 F.3d at 53.

B. <u>Ex Parte Motion for Deferment of Filing Fees</u>

In the <u>Spencer</u> case, Messere filed an Ex Parte Motion for Deferment of Filing Fees. In the January 11, 2012 Order allowing Messere's Motion for Leave to Proceed <u>In Forma Pauperis</u>, the court assessed an initial partial filing fee of $3.05. Messere now seeks to postpone payment of the remainder of his $350 filing fee until after the litigation.

Notwithstanding the grant of <u>in forma pauperis</u> status, a prisoner who brings a civil action is not entitled to waiver of the $350 filing fee and must pay the full amount.[2] <u>See</u> 28 U.S.C. §1915(b)(1). The method for collecting the fee from a prisoner,

---

[2] Although the District of Massachusetts recently began charging a $50 administrative fee in addition to the $350 filing fee, increasing the total fee for filing a civil action to $400, the $50 administrative fee does not apply to litigants such as Messere who have been granted <u>in forma pauperis</u> status. <u>See</u> United States District Court for the District of Massachusetts, Notice of Increased Fees for Filing New Civil Actions (April 22, 2013).

which includes assessment of an initial partial filing fee followed by payment in installments, is specifically provided for in 28 U.S.C. §1915(b). Section 1915(b) is written in mandatory terms ("shall"), leaving no discretion to a district court to defer or otherwise waive an in forma pauperis prisoner's filing fee. See id. Messere cites no statutory authority for the court's ability to defer his filing fee until after the litigation, and the court is not aware of any. See Fowlkes v. Dennehy, C.A. Nos. 05-11749-JLT, 06-11699-JLT, 07-12009-LTS, 2010 WL 4456147, at *1 (D. Mass. Nov. 4, 2010). Accordingly, the motion is being denied.[3]

   C. Motion to Reassign Case

   Messere has also filed a Motion to Reassign Case in Clarke, in which he seeks to have the Clarke case reassigned to Judge Douglas P. Woodlock. Messere does not argue that this court should be disqualified pursuant to any of the statutes governing disqualification. See 28 U.S.C. §§47, 144, 455. Rather, he asserts that the undersigned judge has retired, or in any event, that the court has not ruled on his motions with sufficient speed.

   Cases in this court are assigned not by preference of the

---

   [3] To the extent Messere argues that prison officials improperly collected the $3.05 initial partial filing fee because his prison account did not then exceed $10, this argument is based on a misreading of the statute. Section 1915(b)(1) requires payment of the initial partial filing fee "when funds exist." The requirement that $10 be present in the prisoner's account applies to subsequent monthly payments, not to collection of the initial partial filing fee. See 28 U.S.C. §1915(b)(2).

litigants, but rather "by lot," that is, randomly.  <u>See</u> Local Rule 40.1(A)(3).  Accordingly, absent grounds for disqualification there is no legal basis for Messere's motion.  Moreover, the undersigned judge has not retired, but has assumed senior status.  <u>See</u> 28 U.S.C. §371(b)(1).  In addition, to the extent that Messere sought a swift ruling on his Motion for Reconsideration to aid him in drafting his opposition to the dispositive motion in <u>Clarke</u>, that issue is now moot because Messere has already timely filed the opposition. <u>See</u> Opposition to Motion to Dismiss (<u>Clarke</u> Docket No. 39).  Accordingly, the Motion to Reassign Case is being denied.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The plaintiff's Motion for Reconsideration (<u>Clarke</u> Docket No. 35, <u>Spencer</u> Docket No. 32) is DENIED.

2. The plaintiff's Ex Parte Motion for Deferment of Filing Fees Obligation Until After Litigation (<u>Spencer</u> Docket No. 26) is DENIED.

3. The plaintiff's Motion to Reassign Case (Docket No. 38) is DENIED.

4. The plaintiff's Motion for Extension of Time (<u>Clarke</u> Docket No. 29) is MOOT.

5. The plaintiff's Motion for Extension of Time (<u>Clarke</u> Docket No. 31) is MOOT.

UNITED STATES DISTRICT JUDGE

10