UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH A. MESSERE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | C.A. No. 11-12166-MLW |
| | ) | LEAD DOCKET NO. |
| HAROLD W. CLARKE, individually | ) | |
| and in his official capacity | ) | |
| as the former Massachusetts | ) | |
| Commissioner of Correction, | ) | |
| | ) | |
| LUIS S. SPENCER, individually | ) | |
| and in his official capacity | ) | |
| as Massachusetts Commissioner | ) | |
| of Correction, | ) | |
| | ) | |
| GARY RODEN, individually and | ) | |
| in his official capacity as | ) | |
| Superintendent of the | ) | |
| MCI-Norfolk, | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| CYNTHIA M. SUMNER, | ) | |
| individually and | ) | |
| in her official capacity as | ) | |
| the Deputy | ) | |
| Superintendent of the | ) | |
| MCI-Norfolk, | ) | |
|     Defendants. | ) | |
| | | |
| JOSEPH A. MESSERE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | C.A. No. 11-11705-MLW |
| | ) | CONSOLIDATED ACTION |
| LUIS S. SPENCER, individually | ) | |
| and in his official capacity | ) | |
| as Massachusetts Commissioner | ) | |
| of Correction, | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| GARY RODEN, individually and | ) | |
| in his official capacity as | ) | |
| Superintendent of the | ) | |
| MCI-Norfolk, | ) | |
|     Defendants. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                              August 30, 2013

Pro se plaintiff Joseph Messere, who is incarcerated, brought the two above-captioned cases against defendants, who are or were officials of the Massachusetts Department of Corrections, individually and in their official capacities. Because the allegations in the two complaints overlapped and were in some respects duplicative, on March 29, 2013, the court granted plaintiff's motion to consolidate the cases for all purposes. See Mar. 29, 2013 Mem. and Order ¶1.

At the same time, the court allowed defendants' motion to dismiss plaintiff's claims in C.A. No. 11-12166-MLW ("Spencer"), regarding prison disciplinary reports he received in or before 2008. As the court explained, assuming without deciding that a federal court has jurisdiction to decide issues concerning such reports, the claims in Spencer were time-barred by the applicable 60-day statute of limitations, which expired long before that case was filed in 2011. See Mar. 29, 2013 Mem. and Order at 6-9, ¶2. The court further elaborated its reasoning in a June 27, 2013 Memorandum and Order denying plaintiff's motion to reconsider. See June 27, 2013 Mem. and Order at 5-7.

Plaintiff also seeks relief in C.A. No. 11-12166-MLW ("Clarke") for disciplinary reports issued and administratively appealed in 2008 and 2009. See Clarke Comp. at 18-20; Ex. G to

2

Clarke Comp.  The complaint in Clarke was also filed in 2011.  For
the reasons explained in detail in the March 29, 2013 Memorandum
and Order in Spencer, at 6-9, and again in the June 27, 2013
Memorandum and Order in Spencer, at 5-7, plaintiff's claims
concerning the disciplinary reports in Clarke are time-barred.
They are, therefore, being dismissed.

In both Spencer and Clarke, plaintiff also alleges that
defendants violated his right not to be subject to cruel and
unusual punishment because they were deliberately indifferent to
his serious medical need for adequate treatment for his
degenerative spine disease.  See Clarke Comp. at 2; Spencer Comp.
at 4.  More specifically, plaintiff alleges that defendants refused
to permit him to see a neurosurgeon, which exacerbated his disease.
See, e.g., Clarke Comp. at 8.  In both cases plaintiff seeks
compensatory and punitive damages, injunctive relief, and
reasonable costs and attorneys' fees.

In the March 29, 2013 Memorandum and Order the court denied
without prejudice defendants' motion to dismiss plaintiff's
deliberate indifference claim in Spencer.  As the court explained:

> Construing Messere's other claims liberally, they appear
> to allege that defendants violated his Eighth Amendment
> rights by being deliberately indifferent to his spine
> disease.  Complaint ¶¶ 1 ("callous indifference"), 2
> (Eighth Amendment); see Erickson, 551 U.S. at 94
> (liberal construction of pro se plaintiff pleadings);
> Ahmed, 118 F.3d at 890 (court may intuit correct cause of
> action for pro se plaintiff).  The court finds that
> Messere should be given an opportunity to oppose the
> Motion to Dismiss these claims.  Therefore, with respect

3

> to Messere's claims that are unrelated to the
> Disciplinary Report, the Motion to Dismiss is being
> denied without prejudice.  Defendants may either rely on
> the Motion to Dismiss or in the Alternative for Summary
> Judgment in <u>Clarke</u> (Docket No. 21) or file a revised
> motion by May 1, 2013.

Mar. 29, 2013 Mem. and Order at 9.  Defendants did not file a

revised motion.  Therefore, the court has before it the Motion to

Dismiss or in the Alternative for Summary Judgment filed in <u>Clarke</u>,

which now is deemed pending in both cases.

On March 29, 2013, the court also established a schedule for

plaintiff's response to the motion to dismiss or for summary

judgment.  More specifically, the court wrote:

> The court is allowing Messere an extension until May 31,
> 2013 to file an opposition to the motion, or any revised
> version of it defendants file by May 1, 2013.  The court
> will not, however, grant any further extensions to
> Messere, whose opposition is long overdue under Local
> Rules 7.1(b)(2) and 56.1.  If Messere believes that the
> motion should be addressed as a request for summary
> judgment, and that he cannot yet present facts essential
> to justify his opposition, he should "act diligently and
> proffer . . . an affidavit or other authoritative
> submission that (i) explains [his] current inability to
> adduce the facts essential to filing an opposition, (ii)
> provides a plausible basis for believing that the sought-
> after facts can be assembled within a reasonable time,
> and (iii) indicates how those facts would influence the
> outcome of the pending summary judgment motion." <u>Jones
> v. Secord</u>, 684 F.3d 1, 6 (1st Cir. 2012) (internal
> quotation marks omitted); <u>see</u> Fed. R. Civ. P. 56(d).

Mar. 29, 2013 Mem. and Order at 9-10.  Plaintiff was also ordered

to respond to the motion in the manner required by Rule 56.1 of the

Local Rules of the United States District Court for the District of

Massachusetts.  <u>Id.</u> at 11, ¶3.

Plaintiff timely filed his opposition to the motion to dismiss or for summary judgment. However, he evidently did not understand that the court had afforded him the opportunity to assert that granting summary judgment would be premature because discovery was needed. See Opposition at 21. In addition, plaintiff's opposition was not submitted in the manner required by Local Rule 56.1, in part because it did not include the Statement of Undisputed Facts required by that Rule.[1]

When, as they must be, the complaints are construed liberally because plaintiff is representing himself, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), plaintiff has alleged a plausible claim of deliberate indifference to a serious medical need. Therefore, the request to dismiss that claim is not meritorious. See Bell Atlantic v. Twombly, 550 U.S. 554, 559 (2007); Morales-Tanon v. Puerto Rico Power Authority, 524 F.2d 15, 18 (1st Cir. 2008).

Because plaintiff has not addressed whether discovery should be conducted before the motion for summary judgment is decided, it is not possible for the court to make a properly informed decision concerning whether discovery is essential to reaching a fair

---

[1] Local Rule 56.1 states that: "A party opposing [a motion for summary judgment] shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation."

judgment on the issues related to deliberate indifference.[2]
Moreover, as plaintiff has not attempted to identify admissible
evidence that might put material facts in genuine dispute, it would
be very difficult, if not impossible, for the court to examine the
voluminous record and reliably determine whether any such dispute
exists.  Therefore, it is not clear whether the motion for summary
judgment is premature and, if not, is meritorious.

The court does not find plaintiff's failure to comply properly
with its orders to be willful.  Rather, the court infers that
plaintiff lacks the ability to litigate his complex case

---

[2] The test for a violation of the Eighth Amendment has both
an objective and a subjective component. See Farmer v. Brennan,
511 U.S. 825, 846 n.9 (1994); Wilson v. Seiter, 501 U.S. 294,
298–99 (1991); DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir.
1991); De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003).
The objective component is satisfied where an inmate demonstrates
that "he is incarcerated under conditions posing a substantial
risk of serious harm." Farmer, 511 U.S. at 834.  In cases
involving a denial of medical care, an inmate must show that he
has a serious medical need for which he has not received adequate
medical care. See Kosilek v. Maloney, 221 F. Supp. 2d 156, 161
(D. Mass. 2002); see also Estelle v. Gamble, 429 U.S. 97, 104
(1976). However, to violate the Eighth Amendment, a prison
official must have a "sufficiently culpable state of mind, namely
one of deliberate indifference to an inmate's health or safety."
Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir.
2011) (internal quotations omitted). This requirement is
subjective.  A prison official must know of the substantial risk
of serious harm faced by the inmate in order to violate the
Eighth Amendment.   See id.; see also Farmer, 511 U.S. at 837.

At this point, it is not possible for the court to identify
the decisionmaker for the purpose of the deliberate indifference
analysis, or to identify the evidence concerning that official's
knowledge.  Defendants, as well as plaintiff, have failed to
address these issues properly.

competently.  As stated earlier, he has alleged a plausible claim.
In addition, the record indicates that after plaintiff filed these
cases, he was seen by a neurosurgeon, and his spine was operated on
in 2012.  <u>See</u> Pl.'s Opp. At 2, 8 n.2.  Plaintiff asserts that he no
longer has pain in his spine, but continues to experience pain in
his thigh.  <u>Id.</u>  In view of this evidence, the court finds that
requiring plaintiff to proceed <u>pro</u> <u>se</u> may be fundamentally unfair
and, in any event, not in the interests of the administration of
justice.  Therefore, the court has decided to offer plaintiff the
opportunity to be represented by counsel.  <u>See</u> <u>DesRosiers v. Moran</u>,
949 F.2d 15, 23-4 (1st Cir. 1991).

        Accordingly, it is hereby ORDERED that:

        1.  The defendants' Motion to Dismiss or in the Alternative
for Summary Judgment (Docket No. 21) is ALLOWED with respect to all
claims in <u>Clarke</u> regarding prison disciplinary reports issued to
plaintiff, and those claims are DISMISSED.

        2.  With respect to all other claims in <u>Clarke</u> and <u>Spencer</u>,
the Motion to Dismiss or in the Alternative for Summary Judgment
(Docket No. 21) is DENIED without prejudice.

        2.  Plaintiff shall, by September 27, 2013, file a motion
requesting appointment of counsel, and attest that he cannot afford
to retain counsel, or report that he does not request appointed
counsel.

        3.  If counsel is appointed to represent plaintiff, the court

will issue a revised scheduling order, which may include an opportunity for plaintiff's counsel to move to amend the pending complaints.

        /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE