```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JOSEPH A. MESSERE,               )
     Plaintiff,                  )
                                 )
          v.                     )    C.A. No. 11-12166-MLW
                                 )    LEAD DOCKET NO.
HAROLD W. CLARKE et al.,         )
     Defendants.                 )
                                 )

JOSEPH A. MESSERE,               )
     Plaintiff,                  )
                                 )
          v.                     )    CA. No. 11-11705-MLW
                                 )    CONSOLIDATED ACTION
LUIS S. SPENCER et al.,          )
     Defendants.                 )
                                 )
```

                         MEMORANDUM AND ORDER

WOLF, D.J.                                              June 21, 2014

I.   INTRODUCTION

Pro se plaintiff Joseph Messere, who is incarcerated, brought the two above-captioned cases against defendants, who are or were officials of the Massachusetts Department of Corrections, individually and in their official capacities. Because the allegations in the two complaints overlapped and were in some respects duplicative, on March 29, 2013, the court granted plaintiff's motion to consolidate the cases for all purposes. See Mar. 29, 2013 Mem. & Order ¶1. In that Memorandum and Order, the court also allowed defendant's motion to dismiss plaintiff's claims in C.A. No. 11-11705-MLW ("Spencer") regarding prison disciplinary reports. The court denied plaintiff's motion to reconsider that order on June 27, 2013. See June 27, 2013 Mem. & Order.

On August 30, 2013, the court dismissed plaintiff's parallel claims regarding prison disciplinary reports in C.A. No. 11-12166-MLW ("Clarke"). See Aug. 30, 2013 Mem. & Order at 3. The court also considered the defendants' pending Motion to Dismiss or in the Alternative for Summary Judgment, which seeks the dismissal of plaintiff's remaining deliberate-indifference claims. Although the court concluded that plaintiff's complaints in Clarke and Spencer were sufficient to state claims of deliberate indifference, plaintiff had not addressed whether summary judgment prior to discovery would have been premature under Federal Rule of Civil Procedure 56(d), as he had been ordered to do in the March 29, 2013 Memorandum and Order. See Aug. 30, 2013 Mem. & Order at 4 (citing Mar. 29, 2013 Mem. & Order at 9-10). Concluding that "plaintiff's failure to comply properly with [the court's] orders [was not] willful" and that "it would be very difficult, if not impossible, for the court to examine the voluminous record and reliably determine whether any . . . dispute [about material facts] exists," id. at 6, the court "decided to offer plaintiff the opportunity to be represented by counsel," id. at 7.

Pursuant to the August 30, 2013 Memorandum and Order, plaintiff has filed a Motion Requesting Appointment of Counsel, which is being allowed. Plaintiff has also filed a motion for the court to reconsider its June 27, 2013 Memorandum and Order, which is being denied. Finally, plaintiff has filed a motion to

disqualify the defendants' counsel. Because the defendants have not responded to this motion, they are being ordered to do so by July 14, 2014.

II. MOTION FOR APPOINTMENT OF COUNSEL

As the court explained in the August 30, 2013 Memorandum and Order, "requiring plaintiff to proceed pro se may be fundamentally unfair and, in any event, not in the interests of the administration of justice." Aug. 30, 2013 Mem. & Order at 7. Pursuant to that Memorandum and Order, the plaintiff has submitted a motion for appointment of counsel, in which he confirms that he has insufficient income to afford an attorney.

In order to be eligible for appointment of counsel, a pro se plaintiff "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citing Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983)). Plaintiff is already proceeding in forma pauperis in this action. See Jan. 11, 2012 Order. Furthermore, for the reasons explained in the August 30, 2013 Memorandum and Order, the court finds that there are "exceptional circumstances" in this case that justify the appointment of counsel. Therefore, plaintiff's motion is being allowed.

As stated in the June 17, 2014 Order for Appointment of Pro

Bono Counsel, the court has appointed Mark W. Batten, Esq., of Proskauer Rose LLP to represent plaintiff.

III. MOTION FOR RECONSIDERATION

Plaintiff has also filed a motion for reconsideration of the decision in the June 27, 2013 Memorandum and Order denying plaintiff's motion for reconsideration of the March 29, 2013 dismissal of all claims in Spencer related to a prison disciplinary report. In the March 29, 2013 Memorandum and Order, the court concluded that those claims were time barred under the applicable statute of limitations, which requires that such claims be brought within 60 days. See March 29, 2013 Memo. & Order at 3 (citing M.G.L. ch. 249 §4). In the June 27, 2013 Memorandum and Order, the court rejected plaintiff's argument that the earlier ruling was "based on a manifest error of law or was clearly unjust," see June 27, 2013 Mem. & Order at 4, and recapitulated the legal analysis supporting its original conclusion.

Plaintiff's current motion for reconsideration is brought under Federal Rule of Civil Procedure 60(b). As the First Circuit has explained:

> The Rule 60(b) standard is familiar. Success under that rule requires more than merely casting doubt on the correctness of the underlying judgment. See Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). Rather, Rule 60(b) relief is "extraordinary in nature" and, thus, "motions invoking that rule should be granted sparingly." Id. A party seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring

4

> extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Id.

Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009). Rule 60(b) enumerates six reasons for reconsideration of a prior judgment or order, including "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), as well as "newly discovered evidence" that was previously unavailable, Fed. R. Civ. P. 60(b)(2).

Plaintiff does not state which provision of Rule 60(b) he contends justifies reconsideration, but instead argues only that "[f]or some unknown reason the Court . . . is ignoring Shabazz v. Cole, 69 F. Supp. 2d 177 (D. Mass 1999) and cases cited thereafter by this District Court." Mot. for Reconsideration at 1. However, the June 27, 2013 Memorandum and Order discussed Shabazz extensively, concluding that, contrary to plaintiff's assertions, Shabazz and other cases make clear that the statute of limitations for claims concerning prison disciplinary reports is 60 days. See June 27, 2013 Mem. & Order at 4-7. Therefore, the motion is being denied.

Plaintiff also asserts that he never received a copy of the June 27, 2013 Memorandum and Order, "for if he had he would've filed a Notice of Appeal, and plaintiff intends to file such." Mot. for Reconsideration at 1. He requests that he be served with

5

a copy of that order and that the court order the defendants to produce the "Legal Mail Signature Sheet" for his facility's mail center, presumably to demonstrate that the defendants did not permit the delivery of that Memorandum and Order.  See id. at 1-2.

It is unclear how plaintiff knew to file a motion for reconsideration if he had not already seen the underlying June 27, 2013 Memorandum and Order.  In any event, the docket reflects that plaintiff was sent another copy on November 12, 2013.  Therefore, his request for an additional copy is being denied as moot.  An order that the defendants produce the Legal Mail Signature Sheet is unnecessary because the court dismissed only some of the claims in Spencer and, therefore, the time to file an appeal has not yet begun to run.

IV.  MOTION TO DISQUALIFY DEFENDANTS' COUNSEL OF RECORD

Finally, Messere has filed a motion to disqualify defendants' counsel of record, Daryl F. Glazer, Esq., a staff attorney for the Massachusetts Department of Correction (the "DOC").  Messere also seeks the disqualification of Nancy A. White, Esq., the General Counsel for the DOC, who has not appeared as counsel in this case. Messere argues that the DOC has an "unlawful staff of 25 lawyers [in] violation of M.G.L. c. 30 §65" and that these attorneys "knew or should have known that only the Massachusetts Attorney General can represent the defendants notwithstanding the difference between official and individual capacities."  Mot. to Disqualify at 1; see

<u>also</u> Mass. Gen. Laws. ch. 12, §3 ("The attorney general shall appear for the commonwealth and for state departments, officers and commissions in all suits and other civil proceedings in which the commonwealth is a party or interested, or in which the official acts and doings of said departments, officers and commissions are called in question . . . .")

First, it appears that Messere misconstrues Massachusetts General Law ch. 30, §65, which provides that, unless one of several enumerated exceptions applies, "[a] lawyer who is not a regular state employee or person who is compensated through the automated payroll system of the commonwealth shall not provide legal services for the commonwealth, or for any department, agency, board or commission thereof." Mass. Gen. Laws ch. 30, §65(a). Both Mr. Glazer and Ms. White apparently are state employees, and Messere has offered no evidence to the contrary. If they are, disqualification under §65 would not be justified.

However, the defendants have not yet responded to Messere's motion for disqualification, which also includes the claim that, because "only the Massachusetts Attorney General can represent the defendants" under Mass. Gen. Laws ch. 12, §3, present defense counsel should be disqualified.[1] Therefore, the defendants are being ordered to respond to this motion by, among other things,

---

[1] This argument is similar to one Messere has raised in another case in the District of Massachusetts. <u>See</u> <u>Messere et. al. v. White</u>, C.A. No. 12-11030-GAO.

7

explaining the relationship between the Department of Corrections Legal Division and the Massachusetts Office of the Attorney General, and providing one or more supporting affidavits.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion Requesting Appointment of Counsel (Docket No. 43) is ALLOWED.

2. Plaintiff shall, by July 14, 2014, state whether he wishes to move to file an amended complaint and, if not, supplement plaintiff's response to defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Docket No. 21).

3. Plaintiff's Motion for Court to Reconsider its Order of June 27, 2013 and Order Defendants to Produce the Legal Mail Signature Sheet (Docket No. 44) is DENIED.

4. Defendants shall, by July 14, 2014, respond to Plaintiff's Motion for Court to Disqualify Defendants Counsel of Record (Docket No. 24).

                                                /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE